Our next case is 22-17-88 or 22-17-93, In Re. 22 Fiske Place. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.  Good morning, your honors. May it please the court. Stanislav Gombrich of Gombrich Legal PC for the appellant, Mr. Nicholas Gordon. This is an adversarial proceeding seeking authority under the Barton Doctrine to bring suit against the trustee in this case for acts of wrongdoing, both intentional and negligent, with regards to administration of the estate. Mr. Gombrich, can I? I'm sorry to do that right out of the box, but that description of what this is is helpful. One of the things I struggled with is because it was filed as an adversary proceeding rather than a motion, the court sort of treated it as if it were a complaint. And then the district court seems to completely follow in that framework rather than reviewing it as a denial of a motion. Can you help us understand how that happened and whether you acquiesced in some way in that transition or what? Thank you. That's absolutely one of the issues here right from the outset. A request for leave to file, suing as a trustee by the Barton Doctrine can be done both by motion or adversarial proceeding. We thought it in our best interest to proceed on an adversarial proceeding. Nonetheless, we're still seeking leave just to file suit against the trustee. And does that answer the question? Yeah. I mean, did the district court ever even address the question? They seem to go straight to a finding on the law whether there was a failure to state a claim. And so it does appear that that in and of itself was the wrong ruling. We are including that in our request for relief just to have leave to file suit ourselves. But I assume we should construe that as if the district court affirmed the denial of leave to file suit because it concluded that the suit itself was meritless. Fair. That is possible also. But also the decision, I would believe the decision to further leave itself was denied based on the papers by the court. But that could be as well construed that way. Notwithstanding the issues that we're looking to file suit against the trustee for are his negligent acts, including the breach of fiduciary duty by his failure to- Is it the heart of your case, though, going to the question of whether the LLC here is a disregarded entity? That absolutely is the heart of the case. And how do you deal with that, the rules on that and the regulations? So the treasury regulations that are used for finding the LLC as a disregarded entity, first of all, they conflict with the federal statute, specifically under 26 U.S.C. 6012b3, which requires a trustee- So you're saying the IRS has got it wrong? Well, I would just say if there's a conflicting statute and as well- Well, didn't Mr. Gordon himself make a representation to the court that he was paying taxes on this? Well, before the petition was filed, he had paid tax- Well, didn't he make a representation to the bankruptcy court that he was paying taxes on this? Of course, he hasn't filed for his taxes since 2009, has he? And so in that way, I don't see how he could even make a representation that he would or wouldn't. And the government, they took a 60-day-before the bankruptcy court, there was a stay for 60 days, and the government came in and took a look at this, and the IRS took a look at this, and this is a disregarded entity. Mr. Gordon's getting the benefit of making deductions with regard to the expenses of this property, other things as a disregarded entity, and he's got the responsibility to file the tax return. That might have been the case if the property was sold and revested in the LLC, in Mr. Gordon's interest as a sole member in the LLC, but that wasn't the case here, and in fact, because there was such a surplus from the sale of the property, over a million dollars, the LLC stayed in the hands of the trustee. Well, sure, because it was a reorganization, right? But the fact that he was the one in possession, the trustee in possession, and had the beneficial interest and control of the LLC and its property specifically. Well, you're switching through a lot of things here now. I mean, seriously, why don't you stay focused on the fact that Gordon made a representation that he is paying the taxes on as a pass-through here. Did he not make that? I'll go back and look in the record. I am uncertain whether he made that representation to start. Give me a minute here. Give me a minute here, Collins. Did he make that representation to the court? I am uncertain whether he did or he did not. You're uncertain? I do not believe he did. If I find that he did, isn't it over? I disagree, because notwithstanding his representation, which I don't believe that he made, and he was initially, I believe, pro se, notwithstanding that, the LLC's status is not akin to solely a disregarded entity because, as I stated before, there is a statute that is directly on point for the trustee's work and sale of the property and control and beneficial of the estate, thereby rendering him having the obligation to fire taxes. Honeywell is just not this case. That was a trust for the liquidation of the property in which the debtor also had a responsibility or the individual also had a responsibility. That's not this case. This is a reorganization where the LLC remains intact, and it is the debtor, and it is the repository. It's the assets of the LLC. The plan is for the LLC to possess any surplus monies, correct? None of the funds would have gone to the LLC. Wait a second. Under New York law, your client doesn't own the money, does not own the money that the LLC owns. The LLC owns it. Correct. Okay. We agree on that. Absolutely. So any surplus monies that are pursuant to the plan go to the LLC, do they not? If there were any surplus monies, we could go back to them, but there were no surplus monies because of the over a million dollars over the course of six years post-confirmation and sale of the property and payment of all the creditors were paid off, and for the next six years the trustee proceeded to file papers, proceeded to push papers and use the over $1 million as a sinking fund for his own expenses, his own legal fees, and his own trustee's fees, and notwithstanding that, having that amount of money. Were those fees approved by the bankruptcy court? There hasn't been a final decree in this matter yet. Okay. But to the extent that you're ‑‑I mean, I understand that that notion infuses some of your briefing, but there's not a broad challenge to sort of breach of fiduciary duty or something like that. There are two claims here that we're reviewing in the main case, and then there's the attorney's fees case. There aren't claims about improper billing other than you don't think that they should bill in connection with the adversary action. There are five, I believe, five causes of action that would be within the adversary complaint if we were to be granted leave to sue the trustee. But I understand the cause of action, but what you're describing is sort of a ‑‑ are there any challenges to the trustee's services other than the ones specified in your brief? I would say in answer, I believe they're specified in the brief, but by the trustee not hiring an accountant, a bookkeeper, a tax specialist, seeking an opinion from the court or a judgment regarding tax obligations, this all constituted negligence. Right. All of that is bundled into the tax. Those are the negligence and the gross negligence of breach of fiduciary duty. Yes, all those are combined in the briefs. But you're implying, you said some things implying that maybe the trustee's taken a trip to Florida with his family on this money or something. I mean, you didn't say that. I know that. But you don't have any claims of misspent funds other than to the extent that you've alleged the, what you've described as the overpayment or the overdraw relative to the surplus monies from the foreclosure proceeding and the tax issue. The answer is we don't know. We haven't gotten an accounting from the trustee. There has been no final decree in this case. We don't know how he spent the money. In terms of what's before us. Right. In terms of what's before us today. Yes. Okay. Correct. Thank you. I just want to make sure I didn't. Going to the Hollywell issue, we really do believe that it is quite on point here. I mean, both the Hollywell matter as well as our matter, both the entities were passed through entities. Both of them had a plan of reorganization divesting the debtor of any interest in the state funds post-confirmation. We believe the post-confirmation fact where the tax obligations were incurred post-obligation is very key. Well, the difference, though, that the LLC continues to exist, whereas this was a liquidating trust in Hollywell, was it? Well, we're saying that the LLC. Does the LLC continue to exist? The LLC has no funds, no assets, no anything. You just don't want to answer my question. Well, in fact, it does not because it does not have any funds. It does not have any assets. The control in all of the beneficial interest in this LLC went to and still is in the trustee. The trustee has all the power here. The trustee got all the money after paying off all the creditors for six years, and as a result, the trustee, by the terms of Hollywell, we believe, is the person obligated to pay the taxes, to file the taxes because they received the beneficial interest. And to pay the taxes as a result. The trustee is the one in charge. My client has had no say in the matter from post-confirmation for the six, seven years that followed, paying off all the creditors. And as a result, the one person in control with the beneficial interest and the control, the control to both administer the assets, to ask for advisory opinions on tax issues, to bookkeep to make sure that he wasn't overdrawing from funds, to ask permission from the federal bankruptcy court to confirm deposits to be made that were overdrafted to confirm tax issues, to file taxes, to pay all of that was in the trustee. My client was left doing nothing, no control, and yet he is the one who's footing the very substantial capital gains tax bill. And as a result, there's a high degree of similarity with Hollywell that it just, we believe, is difficult to move past in this case. And to call the LLC a disregarded entity in and of itself, notwithstanding it conflicting with federal statute and specifically the Hollywell case. The Hollywell case dealt with the grantor trust, which can be a disregarded entity as well. So there are very, very many factors that we believe, Hollywell is just on point. Supreme Court precedent that we are very much relying on. And notwithstanding that, again, we also have the USC 266012B3 matter which says that the trustee in a Chapter 11 case who is in possession and running the game, who keeps possession. Again, the assets were never invested in the LLC or the debtor, the debtor or the appellant. That is the person, the trustee, who is on the hook for filing and thereafter paying the taxes. Thank you very much. Thank you. Thank you. Mr. Donoso. Good morning, Your Honor. May it please the Court. My name is David Donoso. I represent E&J Gases. He's the Chapter 11 trustee in the underlying bankruptcy case at 22 Fisk Place. This is a single asset real estate case in which the property was sold close to seven years ago. All of the creditors were paid in full, all allowed creditors, all costs of administration were paid in full. Under the confirmed plan, if the case had stopped in 2016 and there had been no further litigation, Mr. Gomberg's right, approximately $1 million or whatever the number would be, would go to the LLC, would go to the reorganized debtor. The reason that hasn't happened and the reason that the costs of administration have skyrocketed is not because the trustee and his professionals are attempting to churn this case. It's because this is the third appeal filed by Mr. Gordon that has ended up before this Court. The first was dismissed. We had one last year, which affirmed the district court and the bankruptcy court, and now we're here. Mr. Donoso, that's helpful background. I wonder if you could help me understand. So there's this issue about who deals with the taxes once an LLC is in bankruptcy, and I'm just trying to think through the mechanics. If the legal regime is that the member owner of the LLC that will ultimately reacquire the assets that are essentially being marshaled by the trustee is responsible for the taxes, how does that work? The books are in the control of the trustees. Is the trustee regularly reporting to the individual? Yeah, I understand. Mr. Gordon, I'm not sure because it didn't happen because Mr. Gordon apparently doesn't file federal tax returns. Well, he wouldn't be able to unless the trustee did something to give him all the information, so I'm trying to figure out what that is. This is all a matter of public record. Contrary to what counsel has represented, the trustee had qualified accountants since the beginning of this case. The fact is post-confirmation, there really wasn't anything to do in terms of estate accounting. So let's not even talk about this case. This case doesn't exist, and we're having a conversation, and you tell me, yeah, when an LLC is in bankruptcy, it's still the member owner, even when the bankruptcy, it's not a debtor in possession situation, but the bankruptcy trustee is controlling the entity. I want to understand, because normally when you have a pass-through entity, you control the books, you make the expenses, you get the income. Oh, and by the way, the income that you use to pay the taxes that are due is the income that flows into the LLC, which passes through to you. So it all sort of makes sense. And putting aside the statutory issues, I just want to understand mechanically how it can work in a way that makes sense when, A, the income that you would use to pay the taxes is not passed through, but apparently the obligation to pay the taxes is passed through, and how the information flows so that the person who's deemed liable for the taxes knows what the taxes are going to be. As a general matter, it's not that difficult when, it's actually more difficult when it is a non-pass-through entity, but it's nonetheless controlled or closely held, because then you're relying on the cooperation of the owners to give you things like cost basis, improvements, all this, that is the end, the difficult end. Well, that's the situation where the trustee is filing the taxes, relying on the corporation. That's right, and he's having to rely on the cooperation. Here, it's really just the sales figure. Mr. Gordon is the sole member. Well, in this case, but you could have, right, you could have an LLC in a bankruptcy estate that might be managing an ongoing business. Maybe it was a rental unit and income's coming in and expenses are going out. It doesn't have to be as simple as you're describing. And so, again, does the trustee have to do a K-1, for example, which then kicks out the information to the members so that they know what to file in their individual taxes? I'm not an accountant. My understanding is that we are specifically told not to file by our accountants, and actually 22-5th LLC's counsel also recognized this, and the court noted this earlier, that Mr. Gordon himself acknowledged all of these things, that when he was in charge, before when the debtor was a debtor in possession and he was still managing the debtor in possession, he acknowledged, look, there's no tax issues here. It's a pass-through entity. Right. And he signed that. If Mr. Gordon needs any information from, we've supplied every bank statement to Mr. Gordon's former counsel. I want to stop talking about this case, because everybody's got a lot to say about this case, but I really want to understand, are there any other scenarios, when you look at the tax law, it clearly provides that a corporation, closely held or not, passed through or not, once it's in the bankruptcy state, the trustee controls it. The trustee pays the taxes. Individual estate, same thing. Is there any other scenario in the law where an individual who neither controls or possesses the entity nor the assets of the entity is responsible for filing and paying the taxes while that entity is under the control of a bankruptcy trustee? I don't know of any situation that's analogous. I would simply mention that Mr. Gordon had the option, upon organizing this limited liability company, that the treasury regulations don't say you can't, you have to do it this way or this is the only way. Can he elect now? Could he have elected once it went into a bankruptcy state, or has that become the trustee's choice? I would think that he cannot unilaterally impose upon the estate after the fact. He hasn't alleged that the acts of the trustee somehow have precluded him from filing his own personal tax return. He says it's your responsibility to file the tax return, not him. So there's nothing here, there's no allegation here in front of us, in front of Judge Fallah, in front of the district court, in front of the bankruptcy court, that somehow the trustee was precluding him by his conduct, by not providing him with information to file a tax return, is there? There's a lot of wild allegations, but that's not one of them, Your Honor. So is the pass-through argument contemplated in addition to passing through the liability to pay the taxes, which would be the case in a non-bankrupt estate situation? The funds to pay the taxes, which are the income that you're paying the taxes on, also flow through because that's typically what you would do in a pass-through entity. If this is outside of bankruptcy and seeing as it's a single-member LLC, he can obviously make – Mr. Gordon could give himself a dividend, but there's no money to pass through at this point. Is the question about pass-through something that can be addressed  That's right. The default is that if it's a single-member LLC and there's other types of disregarded entities under the Treasury regulations, unless the sole member affirmatively elects for the single-member LLC to be treated as a taxable entity, it's as from a tax perspective, it's as if the LLC does not exist. Right. Now, from a legal perspective, that – He took that position before the trustee was appointed. That's right. Prior to the trustee's appointment, the debtor – There's an article in Appendix 770 that – it's actually the opinion of, I think, the opinion of the bankruptcy judge, but it cites that, it quotes the language and so forth that indicates that. I know before we're trying to find the source of that. At least that much is there. It's not the original source. It's the court's statement about the earlier – about the situation. He says that the – he took the position, as I understand it, that in view of the fact that the debtor will retain ownership of the property, the transactions contemplated by the plan will have no federal tax consequences to the debtor. The debtor's sole member may have certain tax consequences to himself individually. And that was prior to the appointment of a trustee. That's correct. Prior to the appointment of a trustee, the debtor, buying through its sole member, Mr. Gordon, proposed – I believe it was three proposed Chapter 11 plans and submitted corresponding disclosure statements. That information essentially, I believe, at least two out of three, certainly impossibly three, where Mr. Gordon on behalf of the debtor says that there's no tax obligations arising from the sale, the potential sale of the property. Those may have consequences for me personally. And those documents were each signed by Mr. Gordon in his capacity as managing member. Can I shift to a couple of the other issues? I don't want to pre-terminate the discussion, but the other issue in the appeal and the debtor case involves this surplus. And I'm trying to figure out – I was trying to figure out why, in the challenge to the payment of the trustee's bill associated with the adversary proceeding, the argument was made and the district court ultimately determined that the individual member of the LLC that would ultimately re-inherit the surplus, or at least if there is one, lacks standing to challenge the payment of fees to a trustee on the theory that the injury is that it's going to diminish the size of the estate. But I didn't see any challenge or discussion about standing to challenge the so-called overpayment or overdraft by the trustee, which I think is predicated on the same injury. Do those two not rise or fall together? If I'm understanding correctly, the so-called overdraft, which was authorized indirectly by the bankruptcy court and explicitly by the state court, resulted, according to Mr. Gordon, resulted in a diminution of the estate. You should have paid $10,000 less, notwithstanding the state court order or the bankruptcy court order. But again, Mr. Gordon, from a personal economic standpoint, he may say, well, you're diminishing the value of 22 Fifth Place, of which I'm still the sole member. But the case law, the New York LLC law and bankruptcy cases. So are you arguing that he doesn't have standing to make that challenge? That's correct. Did you make that argument below? I didn't see. I saw that argument relative to the attorney's fees, and I never saw that argument relative to this other claim. And I was puzzled by that because it strikes me that the theory of standing, and I'm not expressing an opinion about whether it's right or wrong, but it is the same for the attorney's fees. It is the same, Your Honor. And if it wasn't explicitly raised, it can always be raised. So a sponte obviously standing is always an issue, and it can be raised at any point in the litigation. You can't waive it, even if it wasn't raised by the attorney. I'm curious if this were a seven, if this were a termination of the LLC and then a distribution among creditors, he'd be in a different position, but it's a reorganization. The LLC continues to exist. That is correct. So, therefore, any balance, if there were a balance within the LLC, is the property of the LLC and not Mr. Gordon's, notwithstanding whether Mr. Gordon would like it to be his or treat it as his own. That's right. That's a function of New York law. That's a function of New York law, and it's reflected in the terms of the plan. Mr. Gordon retains his 100 percent membership interest in the reorganized debtor, unimpaired. He's had that since time compilation. Because of his equity interest in the LLC, though, does he maintain the status as a creditor of the debtor? He's a member. That's very distinct legal, which raises an interesting question. The reorganized debtor, as far as I'm aware, still exists. I don't know whether it's incurred debts. I believe so. I don't think that that's in the record, but I believe it's incurred debts. Who's to say that there aren't 10 creditors of post-confirmation 22 fiscality? So he still can take acts? He actually still controls the entity? He can still take actions on its behalf? That's correct. The plan simply provides that, in absence of this provision, what would have happened normally is the property, the so-called surplus funds or what was left over after the payment of creditors, would have revested into the LLC right away. The reorganized debtor. But we knew we had issues, and so there's a specific, I believe it's Section 7.6, which specifically says it doesn't revest until the end of the case, until the end of the final decree. This might answer the question I was going to ask is, well, wait a minute. If he doesn't have standing, is there anyone who has standing to challenge acts that diminish the corpus of the estate that revert to the LLC? I think what I now am understanding is if the LLC still exists and Mr. Gordon can still take actions on behalf of it, the LLC could actually bring an adversary claim in the bankruptcy court, challenging the trustee's actions as diminishing the corpus that will revert to the LLC. Is that the right party, the LLC? As a hypothetical, it sounds correct. I would want to see the complaint and the basis for which there is standing. No, I understand, but you're not saying nobody has standing. It's just that the entity itself has to. That's right. Or if there were some creditor out there who didn't get paid 100%. Right, but once the creditors are all paid, it's not your position. That's right. There's nobody else left, just Mr. Gordon and a diminishing pile of money. Well, no, the LLC. And the LLC, right, in terms of who's been litigating things in the bankruptcy court. At the end of the day, if there's any money left at the end of this case, the trustee is going to write a check to 22 Fisk LLC, not Mr. Gordon, under any circumstances. So 22 Fisk LLC should bring the action. I guess I had the misimpression that Mr. Gordon's hands were tied as far as acting on behalf of the LLC because I understood that the trustee controlled the LLC, and that caused me concern about the standing issue. But you're saying Mr. Fisk? The trustee does not control the LLC. It's a reorganized debtor. If they're staying current with their biannual registrations, it's not the trustee who is submitting that paperwork to the New York Department of State. That would have to be Mr. Gordon on behalf of the LLC. And then in the interim fees case, as I read the bankruptcy court's order, sorry, the district court's order, there were two grounds for dismissal, and one was the standing argument, and the other was this footnote 9, which talked about whether or not it had subject matter jurisdiction to hear an interlocutory appeal, essentially, of an interim order. And the court concluded that it could, but the applicable standard was the same as the standard for interlocutory appeal, and it wasn't met here. And so the court, as I read its decision, declined to reach the issue on that basis but then went ahead and talked about standing. You didn't mention that in your brief, and I'm wondering whether you're conceding that the court was wrong, and if so, why? In terms of whether. . . The district. . . Right. Mr. Gordon didn't seek leave to appeal. It's fairly certain that an interim fee order is interlocutory. The trustee specifically noted this. But it wasn't just the. . . But it took, I think explicitly we stated that we take no position whether it's proper before the court. So you don't take a position. We punted on that partially just because we thought that the standing issue was so obvious that to waste space and resources on a discussion of when an interim and the standard for granting leave to. . . So you don't take a position on what I'm going to call footnote nine, which is this alternate ground for. . . No. We take no. . . I have no problem. The trustee has no problem with the district court rendering a decision, even if perhaps it might not have because of the interlocutory nature of the fee order. Thank you. If there's nothing further, I appreciate it. Thank you, Your Honors. Mr. Gomberg. Yes. Of note here, the reorganization of the debtor never occurred because the final decree has never been filed by the trustee. The assets, the control, notwithstanding potential positions had by counsel, all of that remains in the trustee, which is the crux of our matter here and which is our comparison to the statutory federal law of 6012B3 as well as Holliwell. It should be clear that in Holliwell, in our case, the LLC with the confirmation of the plan became a liquidating trust, in effect, because all of its creditors had to be paid off, the assets, all of its passes were sold off, and, in effect, all of the monies that were used for the distributions were all— Were either the trust and Holliwell disregarded entities? They were not. There was a liquidating trust— They were not. I'm telling you, they were not. They were not the same kind of trust. The grantor trust— They were not. Well, in Holliwell, I mean, there was a liquidating trust provision that was— Sure, but that— And the similarities— A liquidated trust is not the same thing as what was going on here. This was a foreclosure, right? This was a sale of the—well, a trustee sale of the property. Right, trustee sale of the property. That's not a liquidating trust. That's a trustee sale of a property in bankruptcy. But as a result, all the creditors were paid off immediately and the rest of the funds— And the LLC continues to exist. And so either there's a tax consequence to the LLC or a pass-through consequence to Mr. Gordon. Mr. Gordon, who previously represented the bankruptcy court when taking exception with regard to the fact that the IRS thought that perhaps the LLC would owe tax, said, No, I owe you tax. Now he's singing a different tune. Don't you find that a bit disingenuous, counsel? I understand that at some point— Do you understand that that sounds a bit disingenuous? I understand where you're saying, Your Honor. But at some point, the court found Mr. Gordon unable to proceed in the Chapter 11 and hired—and had a motion, the U.S. trustee did, to hire a Chapter 11 trustee. Mr. Gaze is the appellee in this case. And as a result of his being hired, the plan was confirmed, which thereby resulted in the trustee having all of the control and the beneficial interest in this case. And as to him having the control in this case— You think that changed the nature of the LLC? Well, the LLC— The LLC still exists. It's still there. But the assets and all of the assets for the—you know, everything that composes and comprises the LLC— There are corporate entities without assets, counsel. But in our case— Unfortunate as they may be. I think it's very specific that in our case there is federal statute that states that the trustee— Because if the trustee is not the one filing the taxes in this case, in any case, it is— It shows that any proceeds from a sale, when a sale of the LLC is more than it was initially and there are capital gains, and yet the LLC will not be receiving anything in return, and all of the money has been paid off to its creditors, that this tax obligation, especially when the trustee is in control and has the beneficial interest, which the person who files the taxes, the person who gets the money, is the person who should be filing the taxes and paying the taxes. That in and of itself remains the clear issue here, and the trustee did not do that. He did not file accounting reports to show any of the information. He's the one who had the control. He did have the control of the estate in full and still does to this day. And my client is seeking for leave—for leave under the Barton Doctrine to file suit against the trustee to obtain the details so that he can find and prove the breach of fiduciary duty of which we mentioned, as well as the negligence. That resulted in my client having a huge massive tax bill, notwithstanding having no control of the LLC and the decisions made by the trustee regarding the LLC. Thank you, Your Honor. Thank you. Thank you. That concludes that argument. Have we heard? Okay, so we have three cases today on submission. I just want to put on the record in 21-408, Sanchez v. County of Dutchess. We did have a request this morning from Mr. Sanchez to adjourn today's hearing. We denied that request but attempted to communicate with him to indicate that he would be welcome to participate by telephone or video. We apparently didn't hear back, and so that's the status. We'll take that under submission. We're also taking under submission 22-6244, Davamani v. Garland, and 20-2656, USP Johnson. We appreciate everybody's being here. That concludes today's proceedings. We'll ask the deputy to adjourn.